**FEDERAL DEPOSIT INS. CORPORATION v. 445 BEDFORD ROAD CORPORATION et al.**

District Court, S. D. New York.

May 20, 1942.

William C. Casey, of Tarrytown, N. Y. (Max Edelman, of Tarrytown, N. Y., of counsel), for plaintiff.

Harrison T. Slosson, of Katonah, N. Y., for defendant Joseph Sykora.

Edmund Halsey Cox, of New York City, for defendant Agnes W. Mastick.

GODDARD, District Judge.

Plaintiff, Federal Deposit Insurance Corporation, moves under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order striking out the answers of the defendants, Joseph Sykora, Alfred Peter, Agnes W. Mastick, The Echo Lake Corporation, Everett T. Young and Morris Oxman, and granting plaintiff summary judgment against each of said defendants.

The Federal Deposit Insurance Corporation, a Federal agency functioning under the provisions of the Federal Reserve Act [12 U.S.C.A. § 264], is the assignee of a promissory note dated September 17, 1935, executed by the 445 Bedford Road Corporation to the order of plaintiff's assignor, the Mount Pleasant Bank and Trust Company. This note, which is for $14,576.26 and interest, payable four months after date, is endorsed in blank by the defendants and others. It is a renewal of a note executed sometime in 1932.

Plaintiff sues to recover the full amount of the note with interest alleging that at maturity the note was presented for payment; that payment was refused, whereupon the note was duly protested for nonpayment. Defendants admit the execution and endorsement of the note, but disclaim liability upon a number of grounds, all of which plaintiff contends are insufficient in law.

One defense pleaded by all defendants, except defendant Sykora, is that the Mount Pleasant Bank and Trust Company orally agreed that the note was not to be effective unless endorsed by all the parties to a written agreement dated December 10, 1931, a copy of which is set forth in the bills of particulars filed on behalf of certain of the defendants. Whether or not the defendants are estopped from urging an oral agreement as a defense need not be decided at this time. It is apparent from the written agreement that all parties thereto, except the bank, were to endorse the note in question. It is also apparent from the answers and from the affidavits submitted on the motion, that two of the parties to the written agreement, P. Thure Brorstrom and Catherine A. Barry, endorsed the original note, although their signatures did not appear on any of the renewal notes, including the one involved here.

An issue of fact is raised, therefore, as to whether or not the bank discharged P. Thure Brorstrom and Catherine A. Barry from liability on the note. If they were discharged, those defendants who are subsequent endorsers, and who did not consent to such discharge, might also be discharged from liability under the provisions of Section 201 of the Negotiable Instruments Law of New York. The fact that the note in question is a renewal note is of no significance, particularly if the original note was never surrendered by the bank. First National Bank v. Weston, 25 App.Div. 414, 49 N.Y.S. 542; Sproul v. Beskin, 179 App.Div. 275, 166 N.Y.S.

606. It does not appear from the papers as to which if any of the defendants were subsequent endorsers.

This issue of fact can be determined only after trial. It is not necessary at this time to rule upon the sufficiency of the other defenses pleaded in the answers.

Motion for summary judgment denied.

Settle order on notice.